UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JIMMY RODRIGUEZ,

        Plaintiff,

    - v -

SGT. KILBANE, Correction Sergeant, et al.,

        Defendants.
----------------------------------------------------------------x

**ORDER**

CV-98-5708 (NG)(VVP)

By letter dated April 29, 2005, the plaintiff's counsel has advised the court that he has been relieved, and that the plaintiff seeks to renew his application for pro bono counsel and a stay of further proceedings pending appointment of such counsel. Enclosed with the letter is a handwritten statement signed by the plaintiff confirming those requests. In addition, by separate letter dated May 2, 2005, the plaintiff has provided support for his decision to relieve his counsel and for his application for pro bono counsel. The applications have been referred to the undersigned magistrate judge for decision.

Under Rule 2(C) of the Procedures Governing Appointment of Attorneys in Pro Se Civil Actions in this district, the following factors are to be considered in determining motions for the appointment of pro bono counsel:

    (i) the nature and complexity of the action;

    (ii) the potential merit of the claims as set forth in the pleadings;

    (iii) the inability of the pro se party to retain counsel by other means;

    (iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel; and,

    (v) any other factors deemed appropriate by the Judge.

These factors are substantially the same as those identified by the Second Circuit in *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

After consideration of the pleadings and the proceedings to date in light of the above factors, the court concludes that the application should be denied. Two claims remain in this case – one is a simple excessive force claim arising from an incident involving the plaintiff and one of the defendants, and the other is a due process claim arising from the plaintiff's allegedly unlawful confinement in a special housing unit ("SHU") for approximately ten days. For different reasons, neither claim supports the appointment of counsel.

Although the excessive force claim will require a trial if it is not settled, the claim will not be difficult for a pro se party to present to a jury. The evidence is limited to testimony about what occurred immediately prior to, and during, the incident. The incident itself lasted but seconds, and the injuries suffered were not serious. The witnesses are limited to the plaintiff and the two or three corrections officers who were present. Ultimately, the decision will turn on whose version of the events the jury credits. The claim thus does not require a skilled advocate for proper presentation, and it does not appear that the court would derive any particular benefit from the assistance of appointed counsel.

The due process claim, on the other hand, is one of dubious merit. First, it is now the subject of a renewed summary judgment motion addressing whether the plaintiff suffered any "atypical and significant" hardship while in SHU; the motion is supported by ample authority that confinement for ten days under the conditions to which the plaintiff has testified does not amount to such a hardship and therefore does not give rise to a constitutional claim. Second, even if the claim were to survive summary judgment the confinement was of such limited duration, and the conditions so unremarkable, that any sustainable award of damages would be similarly limited.

For these reasons, the claims in this case do not warrant the appointment of pro bono counsel, a resource which is scarce and better allocated to cases of greater complexity and potential merit.

In view of the denial of the application for appointment of pro-bono counsel, a further stay of the proceedings is not warranted. Accordingly, the plaintiff is directed to submit his opposition to the defendants' renewed summary judgment motion within 45 days. Any application by the plaintiff for more than 45 days to submit his opposition to the motion should be directed to Judge Gershon.

**SO ORDERED:**
*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
June 1, 2005